HAMMOND vs. HIGGINS, *et ux.*

APPEAL from *Frederick* County Court. This was an action of *Dower*, to which the defendant, (now appellant,) appeared, and confessed judgment, which was entered in favour of the demandants, (now appellees,) for the dower of the wife, of the third part of two tracts of land called, &c. to hold to them in severalty by metes and bounds; and on the prayer of the demandants, a writ of *habere facias seisinam* was awarded and issued, to cause them to have full seizin of the third part of the lands, &c. which writ accordingly issued, and the dower in the lands were laid off and assigned by a jury, and delivered by the sheriff to the demandants, and on return thereof being made to the county court, the demandants prayed judgment, "as well for their damages sustained by occasion of the detention of the dower of the said *S.* in the lands aforesaid, as also for their costs and charges by them laid out and expended," &c. The county court entered judgment in favour of the demandants against the defendant, for "*one penny* current money, for their damages sustained by occasion of the detention of the dower aforesaid, as also *ninety five pounds and one penny* current money, adjudged by the court to the demandants for their costs and charges by them laid out and expended," &c. From which judgment the defendant appealed to this court.

In an action of dower a judgment was confessed for the demandant's dower claimed in the lands. A writ of *Habere facias seisinam* issued, and the demandant's dower laid off. On the return of the writ, the county court entered judgment for nominal damages, and costs. On appeal, the judgment for the damages and costs was reversed

The cause was argued before CHASE, Ch. J. POLK, BUCHANAN, NICHOLSON, and EARLE, J.

*Martin*, for the Appellant, contended that the whole of the proceedings, after the judgment for dower and the

awarding the writ of *habere facias scisinam* was erroneous. No judgment for damages and costs could be entered after the term at which the judgment for dower was rendered. The form of the writ of seizin was erroneous. It-should go to the sheriff only, and he is to be aided by no person unless it is necessary to lay out the land, when he can call on the surveyor of the county to run it out. Precedents of writs of *habere facias scisinam* may be found in *Clift's Ent.* 298. *Rast. Ent.* 235. 1 *Rich. C. P.* 296; and 2 *Harr. Ent.* 697. The proper return by the sheriff should be, "I have delivered seizin by metes and bounds," &c. *Rast. Ent.* 335. The form of the writ used in the case before the court, is that of a writ of partition, and not of *habere facias scisinam.* The judgment in partition is interlocutory, but in dower it is final. Here the judgment being by confession, there could be no damages and costs even if the application had been made therefor at the proper term.

*Shaaff* and *Taney,* for the Appellees.

THE COURT considered that the judgment of the county court, as to the damages and costs recovered, was erroneous.

JUDGMENT REVERSED.